# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL KIRKLAND, ) | Case No. 2:13-cv-00499-RCJ-PAL |
| Plaintiff, ) | **ORDER** |
| vs. ) | (IFP App - Dkt. #1) |
| BALLY'S HOTEL & CASINO, ) | |
| Defendant. ) | |

Plaintiff Daniel Kirkland is proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint on March 22, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.   In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint is captioned "Reconsideration to Review the Decision of the NERC[1] in this Complaint."  It alleges that Plaintiff was discriminated against by Bally's Hotel & Casino on the basis of his race (African-American) and age (sixty-two).  Plaintiff contends he applied for and did not get a position as a poker dealer despite his extensive experience dealing poker since 1975.  Based upon this, it appears Plaintiff is attempting to state a claim for discrimination under Title VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e et seq.

Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal Employment Opportunity Commission ("EEOC") administrative procedures.  Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity.  *Id*.

/ / /

---

[1] Nevada Equal Rights Commission

Title VII limits the jurisdiction of federal court to those claims that the EEOC has examined. The Ninth Circuit has explained that where a plaintiff files his or her complaint with a state agency, it extends the time for filing the complaint with the EEOC from 180 days to three hundred days. *See Laquaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1174 (9th Cir. 1999) (footnotes omitted).[2] This allows a state or local agency to consider complaints before invoking federal jurisdiction, but it is not a substitute for EEOC review. *See Porter v. California Dep't of Corrections,* 419 F.3d 885, 891 (9th Cir. 2005). A claimant must still file with the EEOC in compliance with the relevant statutory limitations period in order to invoke federal jurisdiction. *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002)). However, a claim filed only with a state agency is also deemed to have been immediately filed with the EEOC if the state agency has a worksharing agreement with the EEOC under which the state agency is an agent of the EEOC for the purpose of receiving charges. *See Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1476 (9th Cir. 1989). NERC is such an agent. *See* 20 C.F.R. § 1601.74(a) (listing NERC's predecessor, the Nevada Commission on Equal Rights of Citizens). The caption of the complaint suggests that Plaintiff filed his claim with the NERC, and received an adverse ruling. If so his NERC complaint is deemed filed with the EEOC as of the same date.

If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Plaintiff has not alleged that he has exhausted his administrative remedies. Although he captioned his Complaint as seeking reconsideration of the NERC's decision, the Complaint itself contains no factual allegations that

/ / /

---

[2]Ordinarily, Title VII discrimination claims must be filed with the EEOC within 180 days of when the alleged discrimination occurred. *See* 42 U.S.C. § 2000e-5(e)(1). Where a claimant first files suit with a state agency (like the NERC), the time period for filing is extended as set forth above. *See* 29 U.S.C. § 626(d)(2).

1  Plaintiff has received a right to sue letter or when he received such a letter.  Accordingly, his
2  Complaint will be dismissed with leave to amend.
3      If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that the
4  court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local
5  Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior
6  pleading. This is because, as a general rule, an amended complaint supersedes the original complaint.
7  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the
8  original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in
9  an original complaint, each claim must be sufficiently alleged.
10     Based on the foregoing,
11     **IT IS ORDERED** that:
12  1.   Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not
13       be required to pay the filing fee of three hundred fifty dollars ($350.00).
14  2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of
15       prepayment of any additional fees or costs or the giving of a security therefor.  This
16       Order granting leave to proceed in forma pauperis shall not extend to the issuance of
17       subpoenas at government expense.
18  3.   The Clerk of Court shall file Plaintiff's Complaint.
19  4.   Plaintiff's Complaint is DISMISSED with leave to amend.
20  5.   Plaintiff shall have until **May 8, 2013,** to file his amended complaint, if he believes he
21       can correct the noted deficiencies.  The amended complaint must be a complete
22       document in and of itself, and will supersede the original complaint in its entirety.  Any
23       allegations, parties, or requests for relief from prior papers that are not carried forward in
24       the amended complaint will no longer be before the court.
25  6.   Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST
26       AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case
27       number, **2:13-cv-00499-RCJ-PAL** above the words "FIRST AMENDED"in the space
28       for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 8th day of April, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE