# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL KIRKLAND, )
                                         Plaintiff, )
vs. )
BALLY'S HOTEL & CASINO, )
                                         Defendant. )

Case No. 2:13-cv-00499-RCJ-PAL

**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**

(Amended Complaint - Dkt. #4)

This matter is before the court on Plaintiff Daniel Kirkland's Amended Complaint (Dkt. #4). Plaintiff is proceeding in this action pro se. After granting Plaintiff's Application to Proceed in Forma Pauperis (Dkt. #1), the court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, found he had not stated a claim upon which relief could be granted, and allowed him to file an amended complaint, which Plaintiff did. *See* Screening Order (Dkt. #2); Amended Complaint (Dkt. #4). The court will now review Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(a).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Amended Complaint attempts to state a claim for race and age discrimination under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. Specifically, Plaintiff alleges that he is an African-American man, aged sixty-two, who was employed by the Rio Casino and Hotel as a poker dealer. He has been so employed since 1975 with various sister properties owned by the Caesar Entertainment Corporation. On November 15, 2011, he became aware of an opening at Bally's Hotel & Casino for a poker dealer. He applied for that position but never heard from the Bally's employment office. Plaintiff alleges that although normally, in-house poker dealers have first bid on new positions at the various Caesar properties, the Bally's poker dealer position was filled by a young white female dealer who had previous been employed by Station Casinos. Plaintiff alleges he was terminated from employment on May 14, 2012, after an unspecified "incident," and he received a right to sue letter from the Equal Employment Opportunity Commission on January 25, 2013.

Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the

right to sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff has attached a right to sue letter from the EEOC. Thus, it appears Plaintiff has exhausted his administrative remedies.

To state a retaliation claim under Title VII, Plaintiff must allege: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008). Under Title VII, where an employee opposes an unlawful practice, he or she has engaged in a protected activity. Here, Plaintiff has not alleged that he committed any protected act, and therefore, he has not stated a retaliation claim under Title VII.

To state a discrimination claim under Title VII, Plaintiff must allege that: (a) he belonged to a protected class; (b) he was qualified for her job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). *See* 42 U.S.C. § 2000e-3(e). Here, Plaintiff has alleged that he was denied employment opportunities because he was an older, African-American, and those same employment opportunities were given to a young white woman. The court finds that Plaintiff has stated a claim for discrimination under Title VII.

Additionally, the caption of Plaintiff's Amended Complaint indicates that he is also attempting to assert a civil rights claim under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). Here, Plaintiff has not alleged any constitutional violation by any state actor, and therefore, he has not stated a claim under 42 U.S.C. § 1983 upon which relief can be granted.

Based on the foregoing,

**IT IS ORDERED** that the Clerk of the Court shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S.

1  Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a
2  copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a
3  notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service
4  again attempted on an unserved defendant, a motion must be filed with the court identifying the
5  unserved defendant and specifying a more detailed name and/or address for said defendant, or whether
6  some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil
7  Procedure, service must be accomplished within 120 days from the date this order is entered.
8  **IT IS RECOMMENDED** that**:**
9  1.   Plaintiff's Title VII retaliation claim be DISMISSED for failure to state a claim upon
10       which relief can be granted.
11  2.   Plaintiff's claim under 42 U.S.C. § 1983 be DISMISSED for failure to state a claim
12       upon which relief can be granted.
13  Dated this 12th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.